UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rosemarie C.,[1] Plaintiff, v. Frank J. Bisignano,[2] Commissioner of the Social Security Administration, Defendant. | ) | C/A No. 9:25-cv-03489-JDA-MHC **REPORT AND RECOMMENDATION** |

Plaintiff Rosemarie C. (Plaintiff) filed the Complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Administrative Law Judge's (ALJ's) final decision denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act (Act). This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). For the reasons that follow, the undersigned recommends that the ALJ's decision be reversed and remanded for further administrative review.

## I. BACKGROUND[3]

Plaintiff applied for DIB on March 17, 2021, alleging disability beginning April 12, 2018. R.pp. 214–18, 251–53. Plaintiff's claim was denied initially and upon reconsideration, and Plaintiff then requested a hearing before an ALJ. R.pp. 91–109, 126. A telephone hearing, at which

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[3] Citations to the record refer to the page numbers in the Social Security Administration Record. *See* ECF No. 9.

Plaintiff, represented by counsel, and a vocational expert testified, was held on December 11, 2023. R.pp. 47–70. The ALJ thereafter denied Plaintiff's claim in a decision issued on March 11, 2024, finding that Plaintiff was not disabled from the alleged date of onset through the date last insured. R.pp. 32–41. On February 26, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R.pp. 1–5. This appeal followed.

Because this Court writes primarily for the parties who are familiar with the facts, the undersigned dispenses with a lengthy recitation of the medical history from the relevant period. To the extent specific records or information are relevant to or at issue in this case, they are addressed within the Discussion section below.

## II. APPLICABLE LAW

### A. Scope of Review

Jurisdiction of this Court is pursuant to 42 U.S.C. § 405(g). Under § 405(g), judicial review of a final decision regarding disability benefits is limited to determining (1) whether the factual findings are supported by substantial evidence, and (2) whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Accordingly, a reviewing court must uphold the final decision when "an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (internal quotation marks omitted).

"Substantial evidence" is an evidentiary standard that is not high: it is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). A reviewing court does not

reweigh conflicts in evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id*. (alteration in original) (internal quotation marks and citation omitted). However, this limited review does not mean the findings of an ALJ are to be mechanically accepted, as the "statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." *Howard v. Saul*, 408 F. Supp. 3d 721, 725–26 (D.S.C. 2019) (quoting *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969)).

**B. Social Security Disability Evaluation Process**

To be considered "disabled" within the meaning of the Social Security Act, a claimant must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423. The Social Security Administration established a five-step sequential procedure to evaluate whether an individual is disabled for purposes of receiving benefits. *See* 20 C.F.R. § 404.1520; *see also Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (outlining the questions asked in the five-step procedure). The burden rests with the claimant to make the necessary showings at each of the first four steps to prove disability. *Mascio*, 780 F.3d at 634–35. If the claimant fails to carry her burden, she is found not disabled. *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017). If the claimant is successful at each of the first four steps, the burden shifts to the Commissioner at step five. *Id*.

At the first step, the ALJ must determine whether the claimant has engaged in substantial gainful activity since her alleged disability onset date. 20 C.F.R. § 404.1520(b). At step two, the

ALJ determines whether the claimant has an impairment or combination of impairments that meet the regulations' severity and duration requirements. *Id.* § 404.1520(c). At step three, the ALJ considers whether the severe impairment meets the criteria of an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, before moving on to step four, the ALJ assesses the claimant's residual functional capacity (RFC).[4] 20 C.F.R. § 404.1520(d), (e); *Lewis*, 858 F.3d at 861.

At step four, the ALJ determines whether, despite the severe impairment, the claimant retains the RFC to perform her past relevant work. 20 C.F.R. § 404.1520(e), (f). If the ALJ finds the claimant capable of performing her past relevant work, she is not disabled. *Id.* § 404.1520(f). If the requirements to perform the claimant's past relevant work exceed her RFC, then the ALJ goes on to the final step.

At step five, the burden of proof shifts to the Social Security Administration to show that the claimant can perform other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and RFC. *Id.* § 404.1520(g); *Mascio*, 780 F.3d at 634–35. Typically, the Commissioner offers this evidence through the testimony of a vocational expert answering hypotheticals that incorporate the claimant's limitations. *Mascio*, 780 F.3d at 635. "If the Commissioner meets h[is] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Id.*

## III. ADMINISTRATIVE FINDINGS

The ALJ employed the statutorily-required five-step sequential evaluation process to

[4] The RFC is "the most the claimant can still do despite physical and mental limitations that affect her ability to work." *Mascio*, 780 F.3d at 635 (internal quotation marks and citations omitted).

determine whether Plaintiff was disabled from the date of her application for DIB through the date last insured. R.pp. 32–41. The ALJ found, in pertinent part:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2022.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 12, 2018 through her date last insured of December 31, 2022 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: [] bilateral knee degenerative joint disease and obesity (20 CFR 404.1520(c)). . . .
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). . . .
>
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). Claimant can lift 10 pounds occasionally, less than 10 pounds frequently; sit up to 6 hours in an 8-hour day, stand and/or walk up to 2 hours in an 8-hour workday; with no climbing ladders; occasional climbing of ramps/stairs, balancing, kneeling, stooping, crouching, and crawling; with occasional exposure to extreme heat and extreme cold; the claimant is limited frequent handling and fingering; and must not work around unprotected heights or dangerous moving machinery[.] . . .
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a Collection Clerk and Telephone Representative. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). . . .
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 12, 2018, the alleged onset date, through December 31, 2022, the date last insured (20 CFR 404.1520(f)).

R.pp. 34–40.

## IV. DISCUSSION

Plaintiff argues that remand is warranted because the ALJ erred in her analysis of Plaintiff's subjective complaints. ECF No. 10 at 16–19. The Commissioner argues that the ALJ's analysis is

supported by substantial evidence, ECF No. 11 at 5–13, to which Plaintiff replies that the analysis was deficient because much of the record could be construed to support her allegations and the ALJ did not resolve this discrepancy. ECF No. 12 at 2–7. Upon review, the undersigned agrees that remand is warranted.

**A. RFC Assessment & Evaluation of Subjective Complaints**

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).[5] A claimant's RFC, which represents the most "an individual can still do despite his or her limitations," must be based on all the relevant evidence in the record, and should account for all the claimant's medically determinable impairments. *Id.* at *2; 20 C.F.R. § 404.1545(a).

In evaluating an RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "'Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work' of which he believes the claimant to be capable." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Monroe*, 826 F.3d at 179).

A claimant's subjective statements are among the evidence the ALJ must consider and reconcile with the RFC assessment. *See Lewis*, 858 F.3d at 865–66. "The RFC assessment must

---

[5] Social Security Rulings, or "SSRs," are "interpretations by the Social Security Administration of the Social Security Act." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995). They do not carry the force of law but are binding on all components of the Social Security Administration, 20 C.F.R. § 402.160(b)(1), as well as on ALJs when they are adjudicating social security cases. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).

include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8P, 1996 WL 374184, at *7. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by "a narrative discussion describing [] the evidence" that supports it. *Dowling*, 986 F.3d at 387 (alteration in original) (quoting *Thomas*, 916 F.3d at 311).

"[A]n ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis*, 858 F.3d at 865–66 (citing 20 C.F.R. § 404.1529(b)–(c)). "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id.* at 866 (citing 20 C.F.R. § 404.1529(b)). The ALJ proceeds to the second step only if the claimant's impairments could reasonably produce the symptoms she alleges. *See* 20 C.F.R. § 404.1529(c)(1). At the second step, the ALJ is required to "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. § 404.1529(c)). The ALJ must "evaluate whether the [claimant's] statements are consistent with objective medical evidence and the other evidence." *Titles II & Xvi: Evaluation of Symptoms in Disability Claims*, SSR 16-3P, 2017 WL 5180304, at *6 (S.S.A. Oct. 25, 2017).

Pursuant to SSR 16-3p, the ALJ must explain which of the claimant's symptoms she found "consistent or inconsistent with the evidence in [the] record and how [the ALJ's] evaluation of the individual's symptoms led to [the ALJ's] conclusions." *Id.* at *8. The ALJ must evaluate the "individual's symptoms considering all the evidence in [the] record." *Id.* Importantly, the ALJ is not to evaluate the claimant's symptoms "based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled." *Id.* at *5; *see Arakas*

*v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (4th Cir. 2020) ("We also reiterate the long-standing law in our circuit that disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms.").

In evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ is required to take into consideration evidence such as a claimant's daily activities; the location, duration, frequency, and intensity of her symptoms; precipitating and aggravating factors; the type and dose of medications required to alleviate her symptoms; any treatment, other than medication, received to relieve the symptoms; and any measures used to relieve the symptoms. *See* SSR 16-3P, 2017 WL 5180304, at *7–8. "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10. The ALJ must "build an accurate and logical bridge" between the evidence and her conclusion as to the intensity, persistence, and limiting effects of the claimant's symptoms. *Monroe*, 826 F.3d at 189.

**B. ALJ's RFC Determination & Assessment of Plaintiff's Subjective Complaints**

On appeal, Plaintiff argues that the ALJ's conclusions regarding Plaintiff's subjective complaints are not supported by substantial evidence because the ALJ's evidence cited to discredit Plaintiff's account of her symptoms could also be read to support Plaintiff's account. ECF Nos. 10 at 16–17; 12 at 3. In response, the Commissioner argues that Plaintiff's contention of error amounts to a request that the Court reweigh the evidence, suggesting that the ALJ did not ignore Plaintiff's subjective complaints but instead weighed them against the record as a whole. ECF No. 11 at 12.

The ALJ found that Plaintiff had the RFC to:

> [P]erform sedentary work . . . . [and she] can lift 10 pounds occasionally, less than 10 pounds frequently; sit up to 6 hours in an 8-hour day, stand and/or walk up to 2

> hours in an 8-hour workday; with no climbing ladders; occasional climbing of ramps/stairs, balancing, kneeling, stooping, crouching, and crawling; with occasional exposure to extreme heat and extreme cold; the claimant is limited frequent handling and fingering; and must not work around unprotected heights or dangerous moving machinery[.]

R.p. 37.

The ALJ then explained that, "[i]n making this finding, [she] . . . considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p[,] [and she] also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c." R.p. 37.

Next, the ALJ reviewed various medical records. R.pp. 37–38. The information contained in some of these records could suggest that Plaintiff's conditions, and the pain associated therewith, had improved, such as that Plaintiff "did well with physical therapy," R.pp. 37–38 (citing R.p. 828); had unimpressive exams after physical therapy, R.p. 37; showed improvement in left knee pain following rehabilitation, R.p. 37 (citing R.pp. 360–62); had progress notes indicating left lower extremely was neurovascularly intact in her foot, R.pp. 37–38 (citing R.p. 823); showed lower extremity strength, R.p. 38 (citing R.pp. 823, 1032); and exhibited improvement in symptoms from cortisone injections and medications, R.p. 38 (citing R.pp. 821–23, 996–97). However, other recitations from the medical record could support Plaintiff's contentions of continuing persistent pain from her impairments. For example, the ALJ noted that Plaintiff reported moderate tenderness and swelling prior to rehabilitation, R.p. 37 (citing R.pp. 360–62); had "tenderness along the medial joint line and pain with patellar compression test period there was minimal tenderness along the lateral joint line" after surgery, R.pp. 37–38 (citing R.pp. 823, 1032); "reported her pain returned after a couple of weeks [after cortisone injections]," R.p.

38 (citing R.p. 821); "[s]he continued to have residual pain in her left knee and continued to receive injection therapy [after participation in physical therapy]," R.p. 38 (citing R.pp. 821–23, 996); and "her symptoms were not fully resolved." R.p. 38.

After reviewing the medical records, the ALJ set forth her two-step analysis mandated by SSR 16-3p:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, *they are inconsistent with the objective record described above*.

R.pp. 38–39 (emphasis added). In discrediting Plaintiff's symptoms, the ALJ recounted that Plaintiff had tried various modalities for pain management, observing that Plaintiff "was noted to have seen some improvement with the use of her medications." R.p. 39. She mentioned in the same paragraph that progress notes demonstrating improvement in symptoms also showed that Plaintiff reported return of her pain after a couple of weeks. R.p. 39. Lastly, the ALJ noted that Plaintiff was given other treatment options and was offered additional non-operative options. R.p. 39 (citing R.p. 996 (note from Blue Ridge Orthopedics- Anderson, "We discussed [Plaintiff's] treatment options and given the severity of [] her arthritis and her pain as well as having minimal improvement after cortisone injection in the past, I recommended viscosupplementation of both knees in an effort to help nonoperatively as much as possible with her knee pain. I am also starting her on Voltaren as an anti-inflammatory."); R.p. 1021 (same note from same visit)).

**C. Result**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not provide adequate reasons for her rejection of Plaintiff's account of her symptoms.

ECF No. 10 at 16. The undersigned agrees.

The ALJ was required to take into consideration evidence relevant to the severity of Plaintiff's symptoms, such as her daily activities; the location, duration, frequency, and intensity of her symptoms; precipitating and aggravating factors; the medications required to alleviate her symptoms; treatment received to relieve her symptoms; and any measures used to relieve the symptoms. *See* SSR 16-3P, 2017 WL 5180304, at *7–8; 20 C.F.R. § 404.1529(c). Though the ALJ mentioned that Plaintiff had tried various treatment modalities, even the summary of the medical record upon which the ALJ relied when rejecting the intensity, persistence, and limiting effects of Plaintiff's symptoms contained evidence suggesting these treatments had not been shown to be entirely effective. *See* R.p. 39.

In essence, in reviewing the ALJ's decision, it is unclear which of the medical records and accompanying findings were considered, why the ALJ may have chosen some over others, and which of Plaintiff's symptoms she found consistent or inconsistent with the evidence in the record. SSR 16-3p expressly provides that an ALJ decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3P, 2017 WL 5180304, at *10. Here, review is stymied because the ALJ has not explained her purported evaluation.

"Although the ALJ summarizes Plaintiff's medical treatment, reports, and findings, some of these could be construed to in fact support Plaintiff's allegations." *Montgomery v. Kijakazi*, No. CV 0:21-3074-JD-PJG, 2022 WL 17853557, at *5 (D.S.C. Oct. 26, 2022), *report and recommendation adopted sub nom. Wanda M. v. Kijakazi*, No. 0:21-CV-03074-JD, 2022 WL 17852614 (D.S.C. Dec. 22, 2022). As such, the ALJ's summary of Plaintiff's symptoms and

treatment notes, without more, does not equate to a reasoned assessment of her claim. *See Bonnie S. F. v. Kijakazi*, No. CV 1:23-3688-BHH-SVH, 2023 WL 9197967, at *19 (D.S.C. Dec. 20, 2023) ("[T]he ALJ merely recited the evidence without explaining how that evidence refuted Plaintiff's allegations."), *report and recommendation adopted*, No. CV 1:23-3688-BHH, 2024 WL 129961 (D.S.C. Jan. 10, 2024); *Rickman v. Kijakazi*, No. CV 4:22-509-RMG, 2022 WL 17663679, at *3 (D.S.C. Dec. 14, 2022) ("Rather than address Plaintiff's specific testimony [that the ALJ] did not find credible, the ALJ simply summarized the medical evidence, some which seemed to support Plaintiff's testimony and some which suggested she had experienced some measure of improvement. From this summary, the Court cannot discern what testimony of Plaintiff the ALJ found credible and what evidence she did not.").

The Commissioner argues that the ALJ's symptom evaluation should be afforded significant deference. ECF No. 11 at 7 (citing *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984); *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 68 (4th Cir. 2014)). But here, there is no real evaluation to which this Court can defer. Indeed, as the Commissioner notes, "an ALJ has the 'sole responsibility to weigh the claimant's complaints against the record as a whole,' and a reviewing court should not interfere with that assessment where 'evidence in the record supports the ALJ's conclusions.'" *Id.* (citing *Delesline-Meggett v. Saul*, No. 5:20-CV-1411-KDW, 2021 WL 2389779, at *10 (D.S.C. June 11, 2021), *aff'd sub nom. Delesline-Meggett v. Comm'r of Soc. Sec.*, No. 21-1859, 2023 WL 8230802 (4th Cir. Nov. 28, 2023)). Indeed, it is the job of the ALJ to weigh evidence and resolve any evidentiary conflicts, not this Court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." (citation omitted)). But here, the ALJ did not make any effort to resolve the

conflicting evidence or explain why she apparently did not find Plaintiff's subjective statements regarding her pain, as presented at the hearing and throughout the medical record, *see, e.g.*, R.pp. 55, 821–23, 996, to be credible. Without any such assessment demonstrating that the ALJ undertook to weigh the evidence, there is no determination to which this Court can defer.

The ALJ's perfunctory statement that Plaintiff's allegations of disabling limitations are not fully consistent with the medical record is insufficient to adequately explain why the ALJ reached her conclusion and which aspects of the Plaintiff's subjective complaints were discounted. *See Montgomery*, 2022 WL 17853557, at *6 ("Remand is required here as the court is simply unable to determine whether the ALJ's evaluation of Plaintiff's subjective complaints, which necessarily impacts other aspects of the decision, is supported by substantial evidence."); *Rickman*, 2022 WL 17663679, at *3 ("'[A] necessary predicate to engaging in substantial evidence review is a record of the basis of the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and the specific application of the pertinent legal requirements to the record evidence.'" (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013))); *Martins v. Berryhill*, No. 2:18-CV-1664-MGL-MGB, 2019 WL 3101652, at *4 (D.S.C. July 1, 2019) ("[I]t is not enough for ALJs 'simply to recite the factors described in the regulations for evaluating symptoms.' The ALJ's decision does not even do that, let alone demonstrate the ALJ considered all the factors. Thus, it is unclear whether the ALJ actually analyzed the record under the factors or whether she found any factors inapplicable (and, if so, why)." (internal citation omitted) (citing SSR 16-3P, 2017 WL 5180304, at *10)), *report and recommendation adopted sub nom. Martins v. Saul*, No. 2:18-CV-1664-MGL, 2019 WL 3080809 (D.S.C. July 15, 2019).

Ultimately, the ALJ must build an accurate and logical bridge from the evidence to her conclusion that Plaintiff's testimony was not consistent—which the ALJ wholly failed to do here.

*See Brown*, 873 F.3d at 269; *Bonnie S. F.*, 2023 WL 9197967, at *18 ("An ALJ cannot merely cite evidence he considers 'to discredit [the claimant's] testimony' without 'build[ing] an accurate and logical bridge from the evidence to his conclusion.'" (quoting *Monroe*, 826 F.3d at 189)); *see also Collins v. Berryhill*, No. 1:17-CV-03422-DCC-SVH, 2018 WL 7137848, at *12–13 (D.S.C. Nov. 14, 2018) ("[ALJ's] conclusory statement [that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms] fails to provide an explanation for the undersigned to meaningfully review the ALJ's decision."), *report and recommendation adopted*, No. 1:17-CV-03422-DCC, 2019 WL 341717 (D.S.C. Jan. 28, 2019).

The ALJ recited evidence and made a determination, but she failed to draw any connection between the two or explain how she considered Plaintiff's subjective statements. Remand here is required where the undersigned is unable to determine whether the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence. *See Mascio*, 780 F.3d at 636. Accordingly, this case should be reversed and remanded for further consideration, to include an explanation of the ALJ's evaluation of Plaintiff's subjective complaints of pain and how she ultimately arrived at the RFC determination.

## V. <u>CONCLUSION</u>

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative review.

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

July 29, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).